**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| JOHN THOMPSON, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Case No. _____ ) |
| v. | ) JURY TRIAL DEMANDED ) |
| POPE RESOURCES, A DELAWARE LIMITED PARTNERSHIP, WILLIAM R. BROWN, JOHN E. CONLIN, SANDY D. MCDADE, MARIA M. POPE, THOMAS M. RINGO, RAYONIER INC., RAYONIER OPERATING COMPANY LLC, PACIFIC GP MERGER SUB I, LLC, PACIFIC GP MERGER SUB II, LLC, PACIFIC LP MERGER SUB III, LLC, POPE MGP, INC., and POPE EGP, INC., | ) CLASS ACTION ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. On January 14, 2020, Pope Resources, A Delaware Limited Partnership's ("Pope Resources" or the "Partnership") Board of Directors (the "Board" or "Individual Defendants") caused the Partnership to enter into an agreement and plan of merger (the "Merger Agreement") with Rayonier, Inc. ("Rayonier"), Rayonier Operating Company LLC ("Rayonier Opco"), Pacific GP Merger Sub I, LLC ("Merger Sub 1"), Pacific GP Merger Sub II, LLC ("Merger Sub 2"), Pacific LP Merger Sub III, LLC ("Merger Sub 3"), Pope MGP, Inc. ("MGP"), and Pope EGP, Inc. ("MGP," and collectively, the "Merger Agreement Parties").

2. Pursuant to the terms of the Merger Agreement: (i) Merger Sub 3 will be merged with and into Pope Resources, with Pope Resources continuing as a wholly-owned subsidiary of Rayonier, L.P. ("Rayonier Operating Partnership"), a successor in interest to Rayonier Opco; and (ii) Pope Resources' unitholders will receive 3.929 common shares of Rayonier, 3.929 units of Rayonier Operating Partnership, or $125.00 in cash for each unit they own (the "Proposed Transaction").

3. On March 17, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Pope Resources common units.

9. Defendant Pope Resources is a Delaware limited partnership and maintains its principal executive offices at 19950 Seventh Avenue NE, Suite 200, Poulsbo, Washington 98370. Pope Resources' common units are traded on the NASDAQ Global Select Market under the ticker symbol "POPE."

10. Defendant William R. Brown is a director of the Partnership.

11. Defendant John E. Conlin is a director of the Partnership.

12. Defendant Sandy D. McDade is a director of the Partnership.

13. Defendant Maria M. Pope is a director of the Partnership.

14. Defendant Thomas M. Ringo is Chief Executive Officer, President, and a director of the Partnership.

15. The defendants identified in paragraphs 10 through 14 are collectively referred to herein as the "Individual Defendants."

16. Defendant Rayonier is a North Carolina corporation and a party to the Merger Agreement.

17. Defendant Rayonier Opco is a Delaware limited liability company, a wholly-owned subsidiary of Rayonier, and a party to the Merger Agreement.

18. Defendant Merger Sub 1 is a Delaware limited liability company, a wholly-owned subsidiary of Rayonier, and a party to the Merger Agreement.

19. Defendant Merger Sub 2 is a Delaware limited liability company, a wholly-owned subsidiary of Rayonier, and a party to the Merger Agreement.

20. Defendant Merger Sub 3 is a Delaware limited liability company, a wholly-owned subsidiary of Rayonier Opco, and a party to the Merger Agreement.

21. Defendant MGP is a Delaware corporation, the managing limited partner of Pope Resources, and a party to the Merger Agreement.

22. Defendant EGP is a Delaware corporation, the equity general partner of Pope Resources, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action as a class action on behalf of himself and the other public unitholders of Pope Resources (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

24. This action is properly maintainable as a class action.

25. The Class is so numerous that joinder of all members is impracticable. As of January 13, 2020, there were approximately 4,367,215 Pope Resources common units outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

26. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

27. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

28. The prosecution of separate actions by individual members of the Class would

create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

29. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Partnership and the Proposed Transaction*

30. Pope Resources and its subsidiaries, Olympic Resource Management and Olympic Property Group, own and manage 125,000 acres of timberland and higher-and-better-use properties in Washington.

31. The Partnership also co-invests in and consolidates three private equity timber funds that own 141,000 acres of timberland in Washington, Oregon, and California.

32. The Partnership and its predecessor companies have owned and managed timberlands and development properties for over 165 years.

33. On January 14, 2020, Pope Resources' Board caused the Partnership to enter into the Merger Agreement.

34. Pursuant to the terms of the Merger Agreement: (i) Merger Sub 3 will be merged with and into Pope Resources, with Pope Resources continuing as a wholly-owned subsidiary of Rayonier Operating Partnership; and (ii) Pope Resources' unitholders will receive 3.929 common shares of Rayonier, 3.929 units of Rayonier Operating Partnership, or $125.00 in cash for each unit they own.

35.     According to the press release announcing the Proposed Transaction:

Rayonier Inc. ("Rayonier") (NYSE:RYN) and Pope Resources, A Delaware Limited Partnership ("Pope Resources") (NASDAQ:POPE) announced today that they have entered into a definitive merger agreement under which Rayonier will acquire all of the outstanding limited partnership units of Pope Resources for consideration consisting of equity and cash. Under the terms of the agreement, which has been unanimously approved by the boards of directors of both companies as well as the special committee of Pope Resources' board composed solely of independent directors, Pope Resources unitholders will have the right to elect to receive (i) 3.929 common shares of Rayonier, (ii) 3.929 units of Rayonier Operating Partnership LP, or (iii) $125 in cash in exchange for each unit of Pope Resources, subject to a proration mechanism as described below. Based on Rayonier's 10-day volume-weighted average price, the transaction values Pope Resources' limited partnership equity at $554 million, or $126.91 per unit (assuming 70% of the Pope Resources units are exchanged for equity consideration and 30% are exchanged for cash consideration).

Following the closing of the transaction, Rayonier Operating Partnership LP (n/k/a Rayonier Operating Company LLC) will own all of the assets of Rayonier and Pope Resources and will be the operating partnership of Rayonier's umbrella partnership real estate investment trust ("UPREIT"). The units of Rayonier Operating Partnership LP can be converted into cash based on the market price of Rayonier common shares or, at Rayonier's option, exchanged for Rayonier common shares on a 1:1 basis, following a 60-day notice period. Pope Resources unitholders that elect to receive Rayonier Operating Partnership LP units will generally defer any capital gain recognition on their Pope Resources units until they exchange those units for cash or Rayonier common shares. . . .

Transaction Details

Proration Mechanism: Pursuant to the terms of the agreement, elections will be subject to proration to ensure that the aggregate amount of cash, on the one hand, and Rayonier common stock and Rayonier operating partnership units, on the other hand, that are issued in the merger would be equal to the amounts issued as if every Pope Resources unit received 2.751 Rayonier common shares or Rayonier operating partnership units and $37.50 in cash. If elections for the Rayonier common shares and Rayonier operating partnership units are oversubscribed, then to reduce the effect of such proration Rayonier may, in its discretion, add additional equity (and decrease the amount of cash) payable to the Pope Resources unitholders making such elections.

GP Consideration: The merger agreement also provides for Rayonier to acquire the general partner entities of Pope Resources, Pope MGP, Inc. and Pope EGP, Inc., for consideration consisting of $10 million of cash (exclusive of the Pope Resources units owned by these entities).

Valuation: Inclusive of the general partner consideration described above, the transaction values Pope Resources' total equity at $564 million and its enterprise value at $656 million (excluding fund net debt).

Transaction Support: The general partners of Pope Resources have approved the transaction, and certain affiliated unitholders holding approximately 16% of the outstanding limited partnership units have entered into voting agreements to vote in favor of the merger.

Timing and Approvals

The transaction is expected to close in mid-2020. The transaction requires approval of a majority of the Pope Resources unitholders and is subject to customary closing conditions and regulatory approvals.

Advisors

Credit Suisse is serving as financial advisor and Wachtell, Lipton, Rosen & Katz is serving as legal counsel to Rayonier. Centerview Partners is serving as financial advisor and Munger, Tolles & Olson LLP is serving as legal advisor to the special committee of Pope Resources' board. Davis Wright Tremaine LLP is serving as legal counsel to Pope Resources.

***The Registration Statement Omits Material Information***

36. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

37. As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

38. First, the Registration Statement omits material information regarding the Partnership's and Rayonier's financial projections.

39. With respect to the Partnership's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate (a) adjusted EBITDA and (b) unlevered free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

40. The Registration Statement fails to disclose Rayonier's financial projections.

41. The disclosure of projected financial information is material because it provides unitholders with a basis to project the future financial performance of a company, and allows unitholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

42. Second, the Registration Statement omits material information regarding the analyses performed by the Partnership's financial advisor in connection with the Proposed Transaction, Centerview Partners, LLC ("Centerview").

43. With respect Centerview's Public Company Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed by Centerview in the analysis.

44. With respect Centerview's Precedent Transaction Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the transactions observed by Centerview in the analysis.

45. With respect to Centerview's Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the individual inputs and assumptions underlying the discount rates ranging from 6.7% to 8.8% and the perpetuity growth rates ranging from 2.1% to 2.5%; (iii) the terminal values of Pope Resources; (iv) Pope Resources' net debt; and (v) the number of fully-diluted outstanding Pope Resources units.

46. When a banker's endorsement of the fairness of a transaction is touted to unitholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

47. Third, the Registration Statement fails to disclose the timing and nature of the past services Centerview provided to Pope Resources and its affiliates, and the amount of compensation received by Centerview for providing such services.

48. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

49. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; Recommendation of the Pope Board of Directors; Pope's Reasons for the Merger; (iii) Opinion of Pope's Special Committee's Financial Advisor; and (iv) Financial Forecasts.

50. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Partnership's unitholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Pope Resources**

51. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

52. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Pope Resources is liable as the issuer of these statements.

53. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Partnership, the Individual

9

Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

54. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

55. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable unitholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to unitholders.

56. The Registration Statement is an essential link in causing plaintiff and the Partnership's unitholders to approve the Proposed Transaction.

57. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

58. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and the Merger Agreement Parties

59. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

60. The Individual Defendants and the Merger Agreement Parties acted as controlling persons of Pope Resources within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Pope Resources and participation in and/or awareness of the Partnership's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control

and did influence and control, directly or indirectly, the decision making of the Partnership, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

61. Each of the Individual Defendants and the Merger Agreement Parties was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

62. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Rayonier Entities, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

63. The Merger Agreement Parties also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

64. By virtue of the foregoing, the Individual Defendants and the Merger Agreement Parties violated Section 20(a) of the 1934 Act.

65. As set forth above, the Individual Defendants and the Merger Agreement Parties had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class

are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.  Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.  Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.  Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 26, 2020

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com
*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com